

KAUFF  McGUIRE & MARGOLIS LLP

950 THIRD AVENUE · FOURTEENTH FLOOR
NEW YORK, N.Y. 10022

TELEPHONE (212) 644-1010
FACSIMLE (212) 644-1936

NEW YORK
LOS ANGELES
WWW. KMM. COM

May 23, 2012

**VIA FEDERAL EXPRESS**

Hon. Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: MAY 3 0 2012

Re:   Chambo v. Time Warner Cable of New York City
      11 Civ. 9555 (AJN) (GWG)
      KM&M File No. 08319.8373

Dear Judge Nathan:

As counsel to Time Warner Cable of New York City ("Time Warner Cable") in the above-referenced matter, we write to respectfully request that this case be transferred to Judge Paul A. Crotty pursuant to Rule 13 of the Rules for the Division of Business Among District Judges in the Southern District ("Rule 13").

This case is related to *Castillo and Boonnak v. Time Warner Cable of New York City, a Division of Time Warner Entertainment Company, L.P.,* 09 Civ. 7644 (PAC) (the "*Castillo* case"), which is currently pending before Judge Crotty. Mr. Chambo, like the *Castillo* plaintiffs, is a current Time Warner Cable employee in its Northern Manhattan service area. Mr. Chambo asserts some of the same allegations as the *Castillo* plaintiffs, and there is a congruence of witnesses in the two cases. Indeed, Mr. Chambo submitted a declaration in support of the plaintiffs in the *Castillo* case, and was also subpoenaed for a deposition in that case. For purposes of his deposition, Mr. Chambo was represented by Lee Nuwesra, Esq., who is also counsel to the plaintiffs in the *Castillo* case.

The *Castillo* case was tried to a jury verdict on May 16, 2012. Per Judge Crotty's instructions, Time Warner Cable has until June 15, 2012 to file a motion pursuant to Federal Rule of Civil Procedure 50(b).

4825-5026-0239.1

KM&M
K A U F F   McGUIRE & MARGOLIS LLP

Hon. Alison J. Nathan, U.S.D.J.
May 23, 2012
Page 2


Under Rule 13, a case may be transferred when "the interests of justice and efficiency will be served." The Rule further provides that "In determining relatedness, a judge should consider whether (i) a substantial savings of judicial resources would result; or (ii) the just, efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served."

Here, we respectfully submit that the factors set forth in Rule 13 strongly weigh in favor of transfer. Judge Crotty is familiar with the witnesses and much of the evidence likely to be elicited in the Chambo case. In particular, Judge Crotty is already well-versed in such matters as Time Warner Cable's relevant procedures and business practices, the job requirements of Mr. Chambo's position, and the processes for issuing discipline, awarding promotions, assigning work and scheduling overtime, all of which are directly relevant to Mr. Chambo's case. We believe that litigation of the Chambo case before Judge Crotty would serve the interests of justice and efficiency.

For the foregoing reasons, we respectfully request that this case be transferred to Judge Crotty.

Respectfully submitted,

*Kenneth A Margolis*

Kenneth A. Margolis

cc:     Fallah Chambo (*pro se*)

*The application is denied.*

COPIES MAILED
TO ~~COUNSEL~~ OF RECORD ON ___5/30/12___
Pro Se Party

SO ORDERED:

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

5/30/12

4825-5026-0239.1