**Kauff McGuire & Margolis LLP**
**950 Third Avenue**
**Fourteenth Floor**
**New York, New York 10022**
**(212) 644-1010 (Tel)**
**(212) 644-1936 (Fax)**

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FALLAH S. CHAMBO,<br><br>                    Plaintiff,<br><br>          -against-<br><br>TIME WARNER CABLE NEW YORK CITY,<br><br>                    Defendant. | ECF CASE<br><br>Index No.  11 Civ. 9555 (AJN)<br><br><u>ANSWER</u> |

          Defendant Time Warner Cable of New York City, a division of Time Warner Entertainment Company, L.P. (improperly named as "Time Warner Cable New York City") ("Defendant"), by its attorneys Kauff McGuire & Margolis LLP, as and for its Answer to the Complaint filed by Plaintiff *pro se* Fallah S. Chambo ("Plaintiff"), pleads as follows:

          1.     To the extent that the unnumbered paragraphs on page one of the Complaint, in which Plaintiff has checked the spaces next to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 ("NYSHRL"), and New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 ("NYCHRL"), may be deemed to set forth any allegations of fact, Defendant denies those allegations and specifically denies that it violated Title VII, the NYSHRL and NYCHRL.

4847-6388-4815.1

2. To the extent Paragraph I.A of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations, except denies knowledge and information sufficient to form a belief as to Plaintiff's current address and telephone number.[1]

3. To the extent Paragraph I.B of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations, except admits that service has been accepted for Defendant in this case.[2]

4. To the extent Paragraph I.C of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations, and avers that Defendant has a place of business at 120 East 23rd Street, Seventh Floor, New York, New York 10010.[3]

5. To the extent Paragraph II.A of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations, and specifically denies that it: (a) "Failed to promote" Plaintiff: (b) created "Unequal terms and conditions of [] employment"; (c) engaged in "Retaliation"; or (d) engaged in "Harassment and discrimination."[4]

6. To the extent the unnumbered page dated "12-13-11" which begins with the line "please see attached facts on my case on page 3.E", contains any allegations of fact, Defendant denies those allegations.

---

[1] Defendant notes that there are two versions of the page containing Paragraph I.A filed as part of the Complaint. This response applies to both versions.

[2] Defendant notes that there are two versions of the page containing Paragraph I.B filed as part of the Complaint. This response applies to both versions.

[3] Defendant notes that there are two versions of the page containing Paragraph I.C filed as part of the Complaint. This response applies to both versions.

[4] Defendant notes that there are two versions of the page containing a portion of Paragraph II.A filed as part of the Complaint. This response applies to both versions.

7. To the extent Paragraph II.B of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations.

8. To the extent Paragraph II.C of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations.

9. To the extent Paragraph II.D of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations, except denies knowledge and information sufficient to form a belief as to Plainiff's race, gender/sex, national origin, color, religion, and age.

10. To the extent Paragraph II.E of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations and any allegations set forth in the attachment referenced in the paragraph.

11. To the extent Paragraph III.A of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations.

12. To the extent Paragraph III.B of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations, and avers that the Complaint attaches: (a) a letter to Plaintiff from the EEOC dated September 29, 2011; (b) "Information Related to Filing Suit Under the Laws Enforced by the EEOC"; and (c) a "Dismissal and Notice of Rights" from the EEOC dated September 29, 2011.[5]

13. To the extent Paragraph III.C of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations.[6]

---

[5] Defendant notes that there are two versions of the page containing Paragraph III.B filed as part of the Complaint. This response applies to both versions.

[6] Defendant notes that there are two versions of the page containing Paragraph III.C filed as part of the Complaint. This response applies to both versions.

14. To the extent Paragraph IV of the Complaint may be deemed to set forth any allegations of fact, Defendant denies those allegations and specifically denies that Plaintiff is entitled to the relief sought therein.[7]

15. To the extent the unnumbered page dated "12-13-11" which begins with the line "see attachment page 4 (IV. Relief)", contains any allegations of fact, Defendant denies those allegations.

16. To the extent the correspondence and Dismissal and Notice of Rights from the EEOC attached to the Complaint contains any allegations of fact for which liability can be attributed to Defendant, Defendant denies those allegations and specifically denies that it discriminated, harassed or retaliated against Plaintiff in any manner.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

### AS AND FOR A FIRST DEFENSE:

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE:

Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE:

The Court lacks subject matter jurisdiction over all or part of the Complaint.

### AS AND FOR A FOURTH DEFENSE:

Plaintiff's claims are barred to the extent the applicable administrative procedures and conditions precedent to his claims were not properly effected or

---

[7] Defendant notes that there are two versions of the page containing Paragraph IV filed as part of the Complaint. This response applies to both versions.

complied with prior to the commencement of this action.

## AS AND FOR A FIFTH DEFENSE:

Plaintiff has not been subjected to any tangible or adverse job action or any unequal treatment in the workplace.

## AS AND FOR A SIXTH DEFENSE:

All actions taken by Defendant with regard to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

## AS AND FOR A SEVENTH DEFENSE:

The employment actions at issue were taken in good faith, and without malice.

## AS AND FOR AN EIGTHTH DEFENSE:

Plaintiff has not been subjected to harassment or a hostile work environment.

## AS AND FOR A NINTH DEFENSE:

The conduct of which Plaintiff complains could only be reasonably interpreted by a trier of fact to be no more than petty slights or trivial inconveniences.

## AS AND FOR A TENTH DEFENSE:

Defendant neither knew of nor condoned or ratified any alleged harassment, and therefore is not legally responsible for any alleged harassment.

## AS AND FOR AN ELEVENTH DEFENSE:

Defendant exercised all reasonable care to prevent and promptly correct any alleged harassing behavior and Plaintiff unreasonably failed to take advantage of the preventive and/or corrective opportunities provided or to otherwise avoid the harm he alleges to have occurred.

## AS AND FOR A TWELFTH DEFENSE:

Prompt and effective remedial action has been taken in response to Plaintiff's

allegations of discrimination, harassment and retaliation.

### AS AND FOR A THIRTEENTH DEFENSE:

Plaintiff has not suffered any damages as a result of the alleged wrongful conduct.

### AS AND FOR A FOURTEENTH DEFENSE:

Upon information and belief, Plaintiff has failed to mitigate his alleged damages, any entitlement to which is expressly denied.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages under the NYCHRL is barred as Defendant did not engage in any willful, reckless or malicious acts.

### AS AND FOR A SIXTEENTH DEFENSE:

Defendant's liability and penalties, if any, under the NYCHRL should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of that statute.

### AS AND FOR A SEVENTEENTH DEFENSE:

Plaintiff fails to state a claim upon which an award of injunctive relief may be granted.

### AS AND FOR AN EIGHTEENTH DEFENSE:

Plaintiff fails to state a claim upon which punitive damages may be granted.

### AS AND FOR A NINETEENTH DEFENSE:

Plaintiff is barred from asserting the claims in the Complaint by the doctrine of laches.

### AS AND FOR A TWENTIETH DEFENSE:

To the extent Plaintiff is alleging a claim of defamation against Defendant, Plaintiff's defamation claim is barred because Defendant's allegedly defamatory statement or statements are statements of opinion.

**AS AND FOR A TWENTY-FIRST DEFENSE:**

To the extent Plaintiff is alleging a claim of defamation against Defendant, Plaintiff's defamation claim is barred because Defendant's allegedly defamatory statement or statements are rhetorical hyperbole.

**AS AND FOR A TWENTY-SECOND DEFENSE:**

To the extent Plaintiff is alleging a claim of defamation against Defendant, Plaintiff's defamation claim is barred because Defendant's allegedly defamatory statement or statements are true.

**AS AND FOR A TWENTY-THIRD DEFENSE:**

To the extent Plaintiff is alleging a claim of defamation against Defendant, Plaintiff's defamation claim is barred by the doctrine of qualified privilege.

**AS AND FOR A TWENTY-FOURTH DEFENSE:**

To the extent Plaintiff is alleging a claim of defamation against Defendant, Plaintiff's defamation claim is barred by the First Amendment and the state and federal constitutional protection afforded free speech.

**AS AND FOR A TWENTY-FIFTH DEFENSE:**

If any damages or losses were sustained by Plaintiff, such damages or losses were caused or contributed to by Plaintiff's own actions, inactions, fault, lack of diligence or failure to mitigate any of his alleged damages, and not by actions or inactions of Defendant.

**AS AND FOR A TWENTY-SIXTH DEFENSE:**

The claims asserted against Defendant in the Complaint are barred, in whole or in part, because Defendant has established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and harassing

practices.

## AS AND FOR AN TWENTY-SEVENTH DEFENSE:

Plaintiff fails to state a claim upon which an award of attorneys' fees may be granted.

## AS AND FOR A TWENTY-EIGHTH DEFENSE:

The Complaint or any relief sought by Plaintiff is barred, in whole or in part, by such additional defenses as Defendant may have that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendant respectfully requests this Court to enter an Order: (a) dismissing the Complaint in its entirety with prejudice; (b) awarding Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief the Court seems just and proper.

Dated:   New York, New York
          June 13, 2012

                                        Respectfully submitted,

                                        KAUFF McGUIRE & MARGOLIS LLP


                                          /s/ Kenneth A. Margolis
                                            Kenneth A. Margolis
                                            Michele A. Coyne
                                            Marjorie B. Kulak

                                        950 Third Avenue, Fourteenth Floor
                                        New York, New York  10022
                                        Telephone:  (212) 644-1010
                                        margolis@kmm.com
                                        coyne@kmm.com
                                        kulak@kmm.com
                                        Attorneys for Defendant