```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 2 2 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FALLAH S. CHAMBO,

                Plaintiff,

-v-

TIME WARNER CABLE, NEW YORK CITY,

                Defendant.

------------------------------------------------------------X

11 Civ. 09555 (AJN)

NOTICE OF INITIAL
PRETRIAL CONFERENCE

ALISON J. NATHAN, District Judge:

      An initial pretrial conference with the Court will be held on **Friday, August 10, 2012,** at **12:15 PM** at the United States Court House, 500 Pearl Street, New York, New York, in Courtroom **17B**.

      Any party proceeding *pro se* (without an attorney) must appear in person. Any party who has retained counsel prior to the conference need not personally attend and should instead have their attorney attend on their behalf. By the date of the initial pretrial conference, counsel for any represented party is required to register as a filing user in accordance with the Procedures for Electronic Case Filing.

      The purpose of the conference is to discuss the possibility of settlement, any possible motions the parties may wish to make, and the schedule for discovery. The parties should be prepared to discuss the type of discovery that will likely be sought. Before the conference, the parties are encouraged to confer and jointly submit a proposed case management plan based on the Court's template, which is available at http://nysd.uscourts.gov/judge/Nathan. To the extent that the parties are unable to submit a case management plan in advance, they should be prepared

1

to discuss one at the conference.

If this case has been settled or otherwise terminated, the parties are not required to appear if a stipulation of discontinuance, voluntary dismissal, or other proof of termination is sent to Chambers before the date of the conference (NathanNYSDChambers@nysd.uscourts.gov).

Requests for an adjournment may be made only in a writing received not later than two business days before the conference. The written submission must (a) specify the reasons for the adjournment, (b) state whether the other parties have consented, and (c) indicate times and dates on succeeding Fridays when the parties are all available. Unless the parties are notified by this Court that the conference has been adjourned, it will be held as scheduled.

The parties should abide by this Court's Special Rules of Practice in Civil Pro Se Cases, which are attached to this Order.

Dated: June __, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge

COPIES MAILED
TO ~~COUNSEL~~ OF RECORD ON JUN 2 2 2012
Pro Se Party

Revised: May 23, 2012

## SPECIAL RULES OF PRACTICE IN CIVIL PRO SE CASES
## ALISON J. NATHAN, UNITED STATES DISTRICT JUDGE

Pro Se Office
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
(212) 805-0175

### COMMUNICATIONS

1. All communications with the Court by a *pro se* party should be mailed to the Pro Se Office, and must include an Affidavit of Service or other statement affirming that the *pro se* party sent copies to all other parties or to their counsel if they are represented. No document or filing should be sent directly to Chambers.

### FILING OF PAPERS

2. All papers to be filed with the Court by a *pro se* party, along with any courtesy copies of those papers, should be sent to the Pro Se Office, Room 230, United States Courthouse, 500 Pearl Street, New York, New York 10007. All papers must be accompanied by a proof of service affirming that the *pro se* party sent copies to all other parties or to their counsel if they are represented.

3. Counsel in *pro se* cases shall serve a *pro se* party with a paper copy of any document that is filed electronically and file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the *pro se* party was served with a paper copy will not be considered.

4. Counsel in *pro se* cases designated to the ECF system may waive paper service upon themselves and rely on service through the ECF system by electronically filing a Notice of Waiver of Paper Service and delivering a paper copy of such Notice to the *pro se* party (the form is available on the Court's Forms page on the website or at the Pro Se Office). Where such waiver is filed, the *pro se* party will no longer be required to (i) serve paper documents on the counsel who filed the waiver or (ii) file proof of service of such document. Counsel in *pro se* cases designated to the ECF system are strongly encouraged to file a Waiver of Paper Service.

3

## DISCOVERY

5. All requests for discovery should be sent to counsel for the party. Discovery requests should not be sent to the Court.

## MOTIONS

6. **Filing and Service**: Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of the service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

7. All motion papers should include one courtesy copy for the Court. All courtesy copies shall be clearly marked as such.

8. **Pro Se Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2

9. **Oral Argument**: Unless otherwise ordered by the Court, argument will not be heard in *pro se* matters.

## INITIAL CASE MANAGEMENT CONFERENCE

10. The Court will generally schedule an initial case management conference within two months of the filing of the Complaint. Incarcerated parties may not be able to attend this or other conferences. If incarcerated parties do not have counsel, arrangements will be made for them to appear by telephone.

## TRIAL DOCUMENTS

11. Within 30 days of the completion of discovery unless otherwise ordered by the Court, a *pro se* party shall file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the *pro se* party intends to prove at trial; (2) a list of all documents or other physical objects that the party plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses that the party intends to have testify at trial. The Statement must be sworn by the *pro se* party to be true and accurate based on the facts known by the party. The *pro se* party shall file an original of this Statement with the Pro Se Office and serve a copy on all other parties or their counsel if they are represented. The original Statement must include a certificate stating the date a copy was mailed to the other parties or their attorneys. Two weeks after service of *pro se* party's Statement, the other parties must file and serve a similar Statement of their case containing the same information.

12. Within 30 days of the completion of discovery, if the case is to be tried before only a Judge without a jury, any parties represented by counsel must submit proposed findings of fact and conclusions of law. If the case will be tried before a jury, any parties represented by counsel must submit a proposed jury charge. The *pro se* party may also file either proposed findings of fact and conclusions of law or a proposed jury charge within 30 days of the close of discovery, but is not required to do so.